I concur in the result reached by the majority,viz., that the Hospital Authority is not immune from tort actions under Article 5 (Code 1975, § 22-21-130, et seq.). I write specially, however, to point out that this result is mandated by a clear reading of the language of Article 5. I see no need to reach the constitutional question addressed in the opinion by Justice Jones. Therefore, I concur in the result of Justice Jones's opinion, but not with its holding that the immunity provision of Article 5, supra, is unconstitutional.
All of the sections of Article 5, when read together, clearly point up that the intended functions of such an authority are with respect to the acquisition and provision of properties for use as hospital facilities. This intent is expressed in §22-21-131, which sets forth the purpose and construction of Article 5:
 "It is the intention of the legislature by the passage of this article to empower each incorporated city and town in the state to authorize the incorporation of one or more public corporations as political subdivisions of the state for the purpose of providing public hospital facilities, to invest each corporation organized under this article with all powers that may be necessary to enable it to accomplish such purposes, including the power to lease or operate its properties and to issue interest-bearing revenue bonds, and to grant to the municipality power to rent such public hospital facilities on a year-to-year basis and to pledge tax revenues to secure the rent payable therefor. This article shall be liberally construed in conformity with the said intent." (Emphasis added.)
The powers expressly granted to authorities organized under Article 5 are found in § 22-21-137:
 "The authority shall have the following powers and capacities, among others specified in this article, together with all powers incidental thereto or necessary to the discharge thereof:
 "(1) To have succession by its corporate name until dissolved as provided in section 22-21-154;
 "(2) To maintain actions and have actions maintained against it by others in any form of litigation other than an action ex delicto, and to defend any litigation brought against it;
 "(3) To have and use a corporate seal and to alter the same at pleasure;
 "(4) To adopt and alter bylaws for the regulation and conduct of its affairs and business;
 "(5) To acquire, whether by purchase, gift, lease, devise or otherwise, property of every description which the board may deem necessary or desirable to the acquisition, construction, reconstruction, improvement, enlargement, equipment, operation or maintenance of a project and to hold title thereto; *Page 1019 
 "(6) To construct, enlarge, improve, equip, maintain and operate one or more projects;
 "(7) To borrow money for any of its corporate purposes and to sell and issue in evidence of such borrowing its interest-bearing revenue bonds as provided in this article;
 "(8) To sell and issue refunding revenue bonds;
 "(9) To secure any of its bonds by pledge and indenture as provided in this article;
 "(10) To appoint, employ and compensate such agents, architects and attorneys as the business of the authority may require;
 "(11) To provide for such insurance as the board may deem advisable;
 "(12) To invest any of its funds pending need therefor as provided in this article;
 "(13) To contract, lease and make lease agreements respecting its properties, or any part thereof, as provided in this article; and
 "(14) To sell and convey any of its properties that may have become obsolete or worn out or that may no longer be needed or useful in connection with, or in the operation of, any project; provided, that it shall not have the power to sell or convey any project substantially as a whole except as provided in this article."
There is nothing in the stated purpose (§ 22-21-131, supra), the stated powers (§ 22-21-137, supra), or any other section in Article 5, which even remotely suggests that the legislature intended that an Article 5 authority would be in the business of actually "running" a hospital; that is, be involved in its day-to-day operation or even involved in establishing hospital policies and procedures. It was not to such activities that the legislature granted immunity. Any other reading of Article 5 would require a construction so liberal, it would border on theabsurd.
In this case, the Hospital Authority was clearly performing functions outside the scope of Article 5, and such functions are more particularly ascribable to Article 6 and Article 11 authorities, which the legislature has not given tort immunity. Therefore, the Hospital Authority cannot be immune from suit in tort in this case, where its non-Article 5 activities may have caused the plaintiff's injury.
SHORES, J., concurs.